Brian F. Quinn, Esq. (BN.: 27783)
DeCARLO & CONNOR
A Professional Corporation
101 Constitution Avenue, N W., 10th Floor
Washington, DC 20001
Telephone:     (202)589-1151
Facsimile:     (202)589-0105

Daniel M. Shanley, Esq. (Pending pro hac vice)
DeCARLO & CONNOR
A Professional Corporation
533 South Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone:     (213)488-4100
Facsimile:     (213)488-4180

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WAYNE R. GOLD, Regional Director of Region 5 )<br>of the National Labor Relations Board, for and on )<br>behalf of the NATIONAL LABOR RELATIONS )<br>BOARD )<br>                    Petitioner, )<br>     v.                     )<br>                            )<br>MID-ATLANTIC REGIONAL COUNCIL OF )<br>CARPENTERS )<br>                  Respondent. )<br>                            ) | CASE NO. 05-3147<br><br>AFFIDAVIT OF GEORGE EISNER<br>IN SUPPORT OF RESPONDENT'S<br>OPPOSITION TO REQUEST FOR<br>INJUNCTIVE RELIEF |

I, George Eisner, being duly sworn and under the penalty of perjury, state as follows:

1.     I have personal knowledge of the facts herein.  If called to testify, I could and would

testify as follows.

2.     I am a business representative of the Mid-Atlantic Regional Council of Carpenters.  I

Brian F. Quinn (MBN 27783)
DeCARLO & CONNOR
101 Constitution Ave., N.W., 10th Floor
Washington, DC 20001
Phone: 202.589.1151
Fax:     202.589.0105
E-Mail: bquinn@deconsel.com

Daniel M. Shanley (Pending Pro Hac Vice)
DeCARLO & CONNOR, a Professional Corporation
533 South Fremont Ave., 9th Floor
Los Angeles, CA 90071-1706
Phone: 213.488.4100
Fax:     213.488.4180
E-Mail: dshanley@deconsel.com

direct the banner activity on behalf of the union in Maryland that is the subject of this court proceeding. I personally observed how the banner was set up and how it was maintained on a regular basis.

3.      In directing that activity I was aware of and relied upon the conclusions in, *Overstreet v. Carpenters Local Union No. 1506*, 409 F.3d 1199 (9th Cir. 2005); *Benson v. United Brotherhood of Carpenters and Joiners of America, Locals 184 and 1498*, 337 F. Supp. 2d 1275 (D. Utah 2004); *Kohn v. Southwest Regional Council of Carpenters*, 289 F. Supp. 2d 1155, 1175 (C.D. Ca. 2003); *Overstreet v. Carpenters Local Union No. 1506*, 2003 U.S. Dist. LEXIS 19854, *18 (S.D. Ca. 2003); *Southwest Regional Council of Carpenters and Its Local 1506 (Held Properties)*, JD(SF)-29-05, 2005 NLRB LEXIS 168 (April 5, 2005); *Carpenters Locals 184 and 1498 (Grayhawk Development, Inc.)*, JD(SF)-02-05, 2005 NLRB LEXIS 17, (January 13, 2005); *Carpenters Local Union No. 1506 (Sunstone Hotel Investors, LLC)*, JD(SF)-01-05, 2005 NLRB LEXIS 5 (January 6, 2005); *Southwest Regional Council of Carpenters (New Star General Contractors)*, JD(SF)-76-04, 2004 NLRB LEXIS 660 (November 12, 2004); and *Southwest Regional Council of Carpenters (Carignan Construction)*, JD(SF)-14-04, 2004 NLRB LEXIS 74 (February 18, 2004), each of which held that the banners were not unlawful conduct under the National Labor Relations Act and the banners' speech was not false.

4.      The banner is approximately 4' x 20' in size. It is made of a cloth like material surrounded by plastic pipe, which extends downward to create "legs" to hold the bottom of the banner away from the ground. The banner has to be held upright by the banner bearers.

5.      The banner is not moved around on location but is kept stationary at the particular place on location where it was assembled and set up. This location is a paved public sidewalk.

2

6.      The particular place on location where the banner is displayed is such as to maximize the banner's exposure to the general public, i.e., passing motorists and any pedestrians who might be in the area. The banner is not put up in a location that is directed to the workers of the bannered business. The banner is put up after work begins, around 9:00 a.m. and are removed around 3:00 p.m., before normal quitting times.

7.      The banner is not posted directly in front of or across any driveway or entrance. The placement of the banner does not block or physically interfere whatsoever with ingress or egress, either to the premises of the bannered business involved or otherwise.

8.      The banner display is accompanied only by the number of people required to physically hold them up and take staggered breaks, normally three in number, who remain at all times during the display doing so, except during their break periods. The holders of the banner themselves possessed the same handbills for the duration of the display.

9.      The handbills are made available to any member of the inquiring public throughout the period of the display. No "demonstration" type activity, such as chanting, yelling, marching, etc. is allowed or alleged.

10.     The handbills possessed by those who did the bannering set forth the precise relationship between all parties to the dispute and explain that the union is peacefully protesting the bannered business' blind-eye to the conduct of Starkey Construction Company, Inc., and asks the readers of the flyer to call the bannered business to do all they can to change the situation.

11.     The banner reads, "Labor Dispute - Shame on Goodell, DeVries, Leech & Dann, LLP - Labor Dispute." No boycott is advocated. The banner's message discredits and shames the business for turning a blind-eye. This language is not the traditional type labor dispute language that is aimed at workers, such as "Unfair," "On Strike," "Non-Union," "Doesn't Meet

3

Area Standards" and the like.

12.     The banner display did not cause or result in any work stoppage or cessation of deliveries

or any other interruption of business.

I declare under the laws of the United States that the foregoing is true and correct.

Dated: November 30th, 2005

By: *George Eisner*

George Eisner

NANCY J. JOHNSTONE
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires March 1, 2008

*Nancy J. Johnstone*

Notary Public

```
Subscribed and sworn to before me, a Notary Public of
Baltimore, MD this 30th day of November, 2005.
```